CALLIE THOMPSON, AS NEXT FRIEND OF JOHN MATT THOMPSON, v.
MISSOURI, KANSAS & TEXAS RY. CO.

No. 1196.

1. Railway Company—Injury to Child—Trespasser—Contributory Neg-
ligence.

A child trespassing upon the track of a railway company may recover for
injuries sustained as the result of his voluntary conduct in placing himself in a
position of peril, if he is so lacking in intelligence and discretion that he does
not appreciate the consequences likely to result from his conduct, and the
railway company is guilty of negligence as to his safety.

2. Same—Negligence—Ordinary Care.

Although the statute does not require railway companies to keep guards and
lookouts at public street crossings, yet under their duty to exercise ordinary care
it may be negligence in some instances to fail to provide for such guards and
lookouts; and whether such failure is negligence, is a question of fact for the jury.

3. Same—Diligence to Prevent Injury.

If the employes of a railway company operating its train know that a child
is in a position of peril, or is attempting to place himself in a position of danger
with reference to the moving train, or could know these facts by the exercise
of ordinary diligence and care, and under such circumstances fail to exercise
ordinary care and diligence to prevent injury to him, and as a consequence he
is injured, this is actionable negligence.

APPEAL from McLennan. Tried below before Hon. S. R. SCOTT.

*W. H. Lessing,* for appellant.

*Clark & Bolinger,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellant on behalf
of her son, as next friend, to recover damages against the appellee for
injuries alleged to have been inflicted upon the child by reason of the
negligence of appellees. The court below sustained demurrers to the
petition, and appellant declining to amend, judgment was rendered
against her.

The petition avers that the child, at the time it was injured, was
twelve years of age, and was small in size, and lacking in intelligence
and discretion. The averments of negligence are that the child boarded
a moving freight train at a public crossing where there was no flagman
or guard; that the crossing was much used and frequented by children
and the public generally; and that the child and other children, were,
within the knowledge of the employes of appellee operating its train,
in the habit of boarding trains at that crossing and riding a distance,
and that the child attempted to board the moving train and was injured;
and that at the time he was endeavoring to get upon the train this fact
was well known to employes of appellee operating the train, or they
could have known it by the exercise of ordinary diligence; and that they
failed to stop said train or prevent said injury, and that this was negli-
gence. And that if a guard or lookout had been stationed at said
crossing, he would have seen the child attempting to board the train, and

could by signaling the train have prevented the injury. And that such failure was negligence. In reversing the judgment we deem it sufficient to only state the following propositions:

1. A child that is a trespasser upon the track or train of a railway company may recover damages for injuries sustained as the result of his voluntary conduct in placing himself in a position of peril, if he is so lacking in intelligence and discretion that he does not appreciate the consequences that are likely to result from his conduct. Evansich v. Railway, 57 Texas, 128; Avery v. Railway, 16 S. W. Rep., 1015; Berger v. Railway, 20 S. W. Rep., 440; Railway v. Cullen, 29 S. W. Rep., 256. Provided, of course, that the railway company is guilty of negligence.

2. Although there is no statute law in this State requiring railway companies to keep guards and lookouts at public street crossings, still, under their duty to exercise ordinary care, it may be negligence in some instances to fail to provide for such guards and lookouts. And whether it is negligence to fail to provide guards and lookouts, and their duties when there, are questions of fact for the jury. Railway v. Yundt, 78 Ind., 374; 4 Am. & Eng. Enc. Law, 928-932.

3. If the railway company or its servants operating the train knew that the child was in a position of peril, or was attempting to place himself in a position of danger with reference to the moving train, or could have known these facts by the exercise of ordinary vigilance and care, and under such circumstances failed to exercise ordinary care and diligence to prevent injury to him, and as a consequence he is injured, it would be actionable negligence. These facts, as well as the other questions discussed, should have been submitted to a jury. 4 Am. & Eng. Enc. Law, 939, note 3; McDonald v. Railway, 86 Texas, 13; Cook v. Houston Nav. Co., 76 Texas, 357; Evansich v. Railway, 57 Texas, 127; Railway v. Cullen, 29 S. W. Rep., 578.

Judgment reversed and cause remanded.

*Reversed and remanded.*