CENTRAL TEXAS & NORTHWESTERN RAILWAY COMPANY v.
C. W. GIBSON.

Decided March 2, 1904.

**1.—Charge—Assignment of Error—Proposition.**

An objection to a charge that it "is reversible error" is too general a
proposition to merit consideration.

**2.—Railway—Dangerous Crossing—Duty to Keep Flagman.**

It was not improper to charge the jury to find for plaintiff if the evidence
established negligence in failing to keep a flagman at a crossing and they
believed that it was peculiarly a dangerous one and that a person of ordinary
caution would, under the circumstances, have kept a flagman there, where
it appears from the circumstances, though not by direct testimony, that the
crossing was extra hazardous, which the evidence here considered is held
sufficient to show.

**3.—Charge—Assuming Facts.**

One can not complain of a charge where it is apparent that he is not in-
jured thereby, as where it only assumes uncontroverted facts.

**4.—Discovered Peril—Contributory Negligence.**

A railway company is liable where its employes discover the perilous
situation of a person in going upon its track and by warning could have
prevented injuring him, though such a person is guilty of contributory negli-
gence in going upon the track. Evidence considered and held to present
this issue.

**5.—Public Crossing—Duty to Keep Flagman.**

At a public crossing in a city it should be presumed that persons may
be approaching at any time, and care should be taken to warn them of ap-
proaching cars whether such persons are discovered or not.

**6.—Excessive Verdict—Remittitur.**

Verdict of $1000 for slight personal injury considered excessive and a
remittitur of $750 required as a condition of affirming the judgment.

Appeal from the District Court of Ellis. Tried below before Hon.
J. E. Dillard.

*Baker, Botts, Baker & Lovett* and *Frost & Neblett,* for appellant.

*G. C. Groce* and *Templeton & Harding,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee was injured in a collision be-
tween a car, to which no engine was attached, and his vehicle, on a
street crossing in the city of Waxahachie, and sued appellant to recover
damages alleged to have been sustained to his surrey, his horse and his
person. He recovered the sum of $1225.

The collision occurred through the negligence of appellant. The car
had been shunted by an engine down the track to a street crossing and
ran into and crushed the vehicle of appellee and damaged one of his
horses and injured his person. The car was running across a street,
with no one in charge, according to appellee's witnesses, in violation
of an ordinance of the city of Waxahachie, and no signal or warning
of its approach was given. Appellant's witnesses testified that a brake-
man was in charge of the car, and if so the facts justify the conclusion
that he discovered the peril of appellee and by proper effort could have

prevented the collision. The brakeman made no effort to warn appellee of the approach of the car. The facts are discussed in connection with the assignments of error.

The court charged the jury that if they believed that the crossing on which the injuries occurred was peculiarly dangerous and "that a person of ordinary caution and prudence would, under all the circumstances, have kept a flagman at such crossing to prevent injury there to travelers passing over the same," and if the jury believed that appellant failing to keep a flagman at the crossing was negligence, and the injury resulted from such failure, they should find for appellee. The charge is complained of in the first assignment of error, the grounds of complaint as set out in two propositions being, first, that such charge "is reversible error," and second, that "in the absence of affirmative proof that the crossing in question was exceptionally dangerous to persons attempting to pass over it," it was error to give the charge. It is clear that the first proposition is too general to merit consideration, and the second we think is based upon a false premise, as appears from our conclusions of fact.

We think this matter is settled adversely to appellant in the case of Missouri K. & T. Ry. Co. v. Magee, 92 Texas, 616, where a similar charge is upheld, where similar objections were urged to it to those insisted on in this case. The court said: "The facts of this case show that the crossing at which the injury occurred was in a populous city, on one of the principal streets, and at a point so near to a bridge crossing the bayou as to render it more than usually hazardous. The evidence justified the court in submitting to the jury the question whether the circumstances were such as to require from the railroad the precaution to provide some person to notify travelers of the approach of trains; the charge is in harmony with the general principles which govern the liability and prescribe the duties of railroad companies." As said in that case, such a charge would not be applicable unless it appeared that the crossing where the injury was inflicted was extra hazardous, and this is true because the law does not require railroad companies to keep flagmen at all railroad crossings, and liability could arise from the failure to keep a flagman at a crossing because of the circumstances making it an exception to the ordinary crossing. We think the evidence was sufficient to show that the crossing was one exceptionally dangerous.

The city of Waxahachie has about six thousand inhabitants and the crossing under consideration was in a thickly settled portion of it, and on one of its most frequented and most populous streets about 1000 feet from the public square. On the side from which appellee approached the crossing there are trees obstructing the view of the railroad track on the side of the street from which the car approached until a point twenty or twenty-five feet from the track is reached, and on the opposite side of the crossing the same side of the street the view of the track is obstructed until within thirty feet of the track. A view of the track

on the other side of the street was also obstructed until a point within twenty-five feet of the track is reached. E. P. Littlepage, a witness for appellant, stated that he had been working near the crossing for about eight months, and that when he heard the sounds of voices it impressed him that something exciting was about to take place. "I had seen some narrow escapes at that crossing before and knew pretty well what it was." He afterwards stated that he had seen three or four such escapes.

The argument that juries would be inclined to find that a flagman should be placed at any crossing where an accident occurred, whether it was shown to be dangerous or not, if at all justified by observation and experience, could be used with equal cogency and effect in regard to any question of fact, and is an arraignment of the jury system rather than an attack upon the propriety of the charge. There is no cogency in the argument, for should a jury be so prejudiced or ignorant as to find against the facts in regard to the danger at a certain crossing, it must be presumed that the trial judge would set aside the verdict, and in the event that he failed to do so the appellate tribunals would see that no injustice was perpetrated. It stands in the category of other matters of fact which under our system of government have been confided to the determination of men selected from the vicinage, and which system the wisdom and experience of centuries have demonstrated to be the one in which justice is more nearly attained than in any other known to the world.

While the eighth paragraph of the charge is not a model of rhetorical perspicuity, we do not think it is so incoherent and complicated, as contended by appellant, as to confuse or mislead a jury composed of men of average intelligence.

In the first proposition under the third assignment of error appellant attacks a paragraph of the charge because it submitted to the jury an issue as to whether there was a collision between the car and vehicle when the uncontroverted evidence showed there was a collision. How that injured appellant it does not state, and it is apparent that no possible injury could have resulted. The second proposition states that it "is erroneous, in that the evidence adduced on the trial did not justify or authorize the issue involved in the charge." At least two issues are presented by the charge, namely whether there was a collision and whether the employes of appellant saw the peril of appellee in time to have warned him and prevented the collision. To which one reference is made is left in doubt. However, there was a collision and there is evidence tending to show that it might have been prevented if proper warnings had been given. The third proposition is without merit. The defenses were all presented and there is nothing that indicates that the trial judge was not fair and impartial in the trial of the case.

The eleventh paragraph of the charge is not open to the criticism that it rendered wholly ineffectual appellant's plea of contributory negligence. If appellant's employes saw that appellee was going into a place

of peril in front of the car, and could by a warning have prevented it, the railroad company would be liable, no matter if appellee was guilty of negligence in going upon the track. The doctrine of discovered peril was clearly raised by the evidence. San Antonio Traction Co. v. Courts (Texas Civ. App.), 71 S. W. Rep., 777, and authorities cited; Bunyan v. Railway (Mo.), 29 S. W. Rep., 842.

The railway company was operating its cars across a much traveled street in a city, and it is not the law, as stated in a special charge requested by appellant, that no duty rested upon appellant to discover the peril of any one approaching the crossing. The railway owed it to the public to keep a vigilant lookout for those on and approaching the crossing and to warn them of the danger, and the negligence of the party upon or approaching the track would not relieve the railway company of liability for damages resulting from negligence. In this case a car, with no one upon it, was running across a populous street, no signal was given, and a vehicle was crashed into and some of its occupants injured. It was negligence to fail to give notice of the approach of the car to those who might be in proximity to the crossing. As said in Railway v. Crosnae, 72 Texas, 79, we can not assent to the proposition that persons near a crossing are entitled to no care for their safety from the railway company unless the danger is seen. It should be presumed that persons may be approaching a public crossing at any time and care should be taken to warn them of approaching cars. Missouri K. & T. Ry. Co. v. Magee, 92 Texas, 616.

The evidence is clear that appellee was seen by employes of appellant driving toward the crossing with the evident intention of going upon the same, and while the employes swore that they did what they could to warn appellee, their evidence was flatly contradicted by the witnesses for appellee. The jury was justified in finding that appellant's employes discovered the peril of appellee, but used no adequate means to warn him and prevent the disaster. Appellee had no notice whatever that the car was approaching the crossing, although he had stopped, looked and listened before entering upon the crossing. He had the right to rely upon appellant giving him warning of the approaching car, and the jury could properly find that he was not guilty of negligence in going upon the crossing. These findings dispose of the sixth assignment of error.

The sixth and ninth special charges requested were properly refused because they were based upon the premise that the employes of appellant did not know that appellee was going upon the track until he drove thereon, when the employes themselves swore that they saw the vehicle before it reached the crossing and signaled to appellee of the danger. According to the testimony of Owen Johnson he was on top of the car, as a brakeman, and saw the horses attached to appellee's vehicle when they were seventy or eighty feet from the crossing and began putting on the brakes, but the car did not stop until it had gone twenty-five or thirty feet past the crossing. The conductor swore that a car could be

stopped in ten to twenty-five feet and the brakeman that it could be stopped in from seventy to 105 feet. Other employes testified that they saw appellee approaching the crossing and signaled to him to stop when he was 150 or 200 feet distant.

The seventh and fourteenth special charges were upon the weight of the evidence, and were properly refused. They assumed that the warnings claimed to have been given were sufficient and denied the right of the jury to find that other signals should have been given.

The eighth, sixteenth, seventeenth, eighteenth, twenty-second and twenty-third special charges were properly refused because they ignored the issue of discovered peril, and absolved appellant from all liability if appellee negligently went on the crossing. The twelfth and thirteenth special charges were fully covered by the charge of the court and were properly refused.

In this case, though the issues were few and simple, twenty-three special instructions, reiterating matters that could have been embodied in two or three instructions, were requested, and their presence has added much to a brief of 120 pages filed in this court. The method adopted tends to confusion in the trial court and entails a vast amount of unnecessary labor upon the appellate court.

Appellee testified that the only injury he received was a cut above the eye, and that it was painful. He said he did not lose any great length of time, and the wound healed in about a week. He did not go to bed from it and received no permanent injury. The doctor took some stitches in the cut, but it was not shown that he charged or was paid any fee. It is evident that the wound was of a trivial nature, and we think a verdict of a thousand dollars as damages resulting from such a wound is excessive. The sum of $250 will compensate appellee for all damages resulting from his personal injuries.

If a remittitur of $750 is entered in ten days from the filing of this opinion, the judgment will be affirmed, but if not it will be reversed and the cause remanded.

*Affirmed on remittitur.*