# JUNE, 1905.

## CENTRAL TEXAS & NORTHWESTERN RAILWAY COMPANY V. EMMA GIBSON.

### No. 1431.    Decided June 1, 1905.

**Assignment of Error—Brief—Propositions.**

Where a paragraph in the court's charge is long and embraces a number of distinct rules of law, an assignment of error in giving it must be followed by propositions thereunder in the brief pointing out the particulars in which it is claimed to be wrong; errors in it not so presented will not be considered. (P. 101.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

Emma Gibson sued the railway company for damages for personal injuries, and recovered judgment.    Defendant appealed, and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood,* and *Frost & Neblett,* for plaintiff in error.

Fifth Assignment of Error.

The court erred in the 11th paragraph of its general charge to the jury, which is as follows:

If you believe from the evidence in this case that when the vehicle in which plaintiff was riding approached the crossing where she was

injured, employes of defendant were near said crossing and knew of the approach of said car, which caused plaintiff's injuries, and of the vehicle in which she was riding to such crossing; and knew of peril to the occupants of such vehicle from said approaching car in time for them, or either, in the exercise of ordinary care under the circumstances, by means at hand, to give warning of such peril in time for the occupants of said vehicle in the exercise of ordinary care for their own safety to escape the same; and if you believe that employes or an employe of defendant with knowledge of such peril, had means at hand by which, in the exercise of ordinary care under the circumstances, they or either, could have given to such occupants warning of such peril in time for them to have escaped the same; and if you further believe that any employe of defendant with knowledge of such peril to plaintiff and with means at hand to give such warning, failed to exercise ordinary care under the circumstances to give such warning in time for plaintiff to escape such peril, and you further believe that such failure, if such there was, was negligence but for which plaintiff would not have been injured:

Or if you believe that any employe of defendant, near the crossing where the plaintiff was injured, knew of the peril to her from the car which caused her injury in time after discovering such peril, and before such injury for him in the exercise of ordinary care under the circumstances, to have stopped the horses drawing the vehicle in which plaintiff was riding before said horses went upon said crossing; and if you further believe that any employe with such knowledge of plaintiff's peril in time so to have stopped said horses before they went upon said crossing, had the ability to so stop them, and in the exercise of ordinary care under the circumstances would have done so, but failed to .do so, and that such failure was negligence but for which plaintiff would not have been injured; then in either of the events in this subdivision above mentioned you should find for plaintiff, and contributory negligence, on the part of the plaintiff, if she was guilty of such negligence would constitute no defense to plaintiff's action.

In this connection, however, you are further instructed that unless you believe either that employes or an employe of defendant at said crossing knew of peril of plaintiff from said car in time by the exercise of ordinary care under the circumstances, and by the use of means at hand, to have given her warning of such peril in time for her to escape the same, and negligently failed to give such warning within such time; or that an employe of defendant at said crossing with knowledge of the danger to plaintiff from said car, had the ability to stop said horses before they went upon said crossing, and in the exercise of ordinary care under the circumstances would have done so, and negligently failed to do so, then you should not find for the plaintiff by reason of anything in this subdivision of this charge mentioned; since negligence by defendant's employes in one or more of the respects mentioned above, in this subdivision, but for which plaintiff would not have been injured, must be shown, for plaintiff to recover by reason of matters submitted to you in this subdivision.

First Proposition Under the Fifth Assignment of Error.

The eleventh paragraph of the charge of the court to the jury is confused in expression, intricate and involved so as that it was calculated to confuse and mislead the jury to the prejudice of the defendant. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 81; Henry v. Sansom, 21 S. W., 69; Trinity & S. Ry. Co. v. Schofield, 72 Texas, 500.

Second Proposition Under the Fifth Assignment of Error.

The eleventh paragraph of the charge of the court to the jury is error prejudicial to the defendant, in that it recites with undue emphasis the facts in evidence upon which the instruction is predicated, and as to which there is conflict in the testimony, the effect of which was to unduly impress upon the minds of the jury the actual existence of such facts or circumstances, and the material weight thereof, in establishing the further fact of culpable negligence on the part of the defendant. St. Louis, A. & T. Ry. v. Taylor, 5 Texas Civ., 671; Galveston, H. & S. A. Ry. v. Kutac, 76 Texas, 478.

Third Proposition Under the Fifth Specification of Error.

The eleventh paragraph of the general charge of the court, recited in the above assignment of error, is erroneous, in that it assumes that the plaintiff was in a position of peril at some particular time before the collision which caused her injury, and that such peril existed at a place and a sufficient time before the collision, as that, had it been known to defendant's employes they could have prevented her injury. St. Louis S. W. Ry. Co. v. Sibley, 68 S. W., 516; Texas P. R. Y. Co. v. Berry, 72 S. W.; 423; Texas Mid. Ry. Co. v. Booth, 80 S. W., 121.

Fourth Proposition Under the Fifth Assignment of Error.

The eleventh paragraph of the court's charge to the jury is error, in that it assumes, that the car with which the vehicle in which she was riding came into collision was the sole cause of plaintiff's injury, when the proximate cause of her injury was a controverted fact and was a material issue both in the pleadings and in the evidence. Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 28; Galveston, H. & S. A. Ry. Co. v. Davidson, 61 Texas, 205; Flanagan v. Boggess, 46 Texas, 334; Western U. Tel. Co. v. Kendzora, 77 Texas, 258; East Texas Fire Ins. Co. v. Brown, 82 Texas, 635; Williams v. Davidson, 43 Texas, 39.

Fifth Proposition Under the Fifth Assignment of Error.

The eleventh paragraph of the general charge recited in the above assignment of error, is erroneous, in that the evidence adduced on the trial did not justify, nor authorize the issue of "discovered peril" as thereby submitted. Willis v. Whitsitt, 67 Texas, 676; Texas & P. Ry. v. Hightower, 12 Texas Civ. App., 44; Texas & P. Ry. v. Berchfield, 12 Texas Civ. App., 145; Galveston, etc., Ry. Co. v. Silegman, 23 S. W. R., 300.

*Templeton & Harding* and *G. C. Groce,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—A carriage in which defendant in error was riding with her father and three other ladies along a public street of Waxahachie, was struck at a crossing upon plaintiff in error's track by one of its cars which was kicked by its servants across the street with no engine attached and without any signals of bell or whistle, and

defendant in error received the injuries to recover for which this suit was brought.

Many grounds for the reversal of the judgment which she recovered were urged in the Court of Civil Appeals and are presented in the application for writ of error. We were of the opinion in granting the application that all of them were properly disposed of by the opinion of the Court of Civil Appeals, except those in which the eleventh paragraph of the charge to the jury was attacked. We discovered what we thought to be errors in that part of the charge and therefore granted the writ; but on further examination of the briefs in the Court of Civil Appeals and the application, we find that none of the propositions in either are addressed to the matter which we regarded as erroneous. The whole of the eleventh paragraph is assigned as error, but it is lengthy and embraces a number of distinct rules, so that the mere assignment does not point out the particular in which it is claimed to be wrong. Propositions were therefore essential, under the rules, to bring to the attention of the court, the particular complaints made of it, and those inserted in the briefs did not point out to the Court of Civil Appeals the view of the charge in which we were inclined to think it erroneous; and, in this, the application follows the briefs. It would be improper for this court to decide the case upon points not properly raised. There was no error in the charge in the particulars complained of and we shall not undertake to determine whether ·or not, in others, it was erroneous. We may say, however, that we should hesitate to hold, under the facts of this case, that the judgment should be reversed, even if it should be found that this part of the charge was erroneous.

*Affirmed.*