SOUTHERN PAC. CO. et al. v. WALKER.
(No. 362.)

(Court of Civil Appeals of Texas. El Paso. Nov. 12, 1914. Rehearing Denied Dec. 10, 1914.)

1. RAILROADS (§ 350*)—COLLISION WITH AUTOMOBILE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Evidence, in an action for collision at a crossing of a car, backed by a switch engine, with an automobile, held to make the question of contributory negligence one for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

2. RAILROADS (§ 350*)—COLLISION WITH AUTOMOBILE — DISCOVERED PERIL — QUESTION FOR JURY.

Evidence, in an action for collision with an automobile, at a crossing, of a car backed by a switch engine, held to make a question for the jury on the issue of discovered peril.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENT—NEGLIGENCE—FAILURE TO MAINTAIN FLAGMAN.

Evidence, in an action for collision, at a railroad crossing, with an automobile, held to make a question for the jury on the issue of negligence in failing to maintain a flagman at such point, under the rule that such question is properly submitted in the case of a crossing unusually dangerous, because of large travel or operation of cars, or obstructions or noises calculated to mislead or confuse those crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

4. APPEAL AND ERROR (§ 1027*)—REVIEW—IMMATERIAL MATTERS.

Defendants may not complain of the insufficiency of evidence of grounds of negligence alleged in the petition, other than those which were submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. § 1027.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Annie Walker against the Southern Pacific Company and others. Judgment for plaintiff, and defendants appeal. Affirmed on condition of remittitur.

Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, W. A. Vinson, and Paul Kayser, all of Houston, for appellants. H. Masterson and A. L. Jackson, both of Houston, for appellee.

HIGGINS, J. The appellee brought this suit to recover damages of the appellants, alleged to have resulted from personal injuries sustained in a collision between an automobile driven by her and a switch engine operated by appellants. Verdict and judgment was rendered in her favor in sum of $5,665 and in favor of Mannheim Insurance Company, intervener, for $300 damages to the automobile.

The two grounds of recovery embraced and submitted in the charge were: (1) The failure to maintain a flagman at a crossing of extraordinary danger; and (2) the failure of the switching crew to stop the engine and avert the injury after plaintiff's peril had been actually discovered by them.

The sufficiency of the evidence to support the verdict is questioned; the contention being made that the injury appears to have been proximately caused by plaintiff's negligence.

The accident occurred in the city of Galveston, at the intersection of Twenty-Ninth and Strand streets, between 3 and 4 o'clock in the afternoon. Plaintiff had driven in her car from Houston, and was traveling upon Twenty-Ninth street, going north, to the steamship piers. She was not familiar with the crossing, having never been there before. Defendants' switch engine was on Strand street, approaching from the west. It was

backing and had a passenger coach attached. On the south side of Strand and west side of Twenty-Ninth street was a brick wall and shed which obstructed the view of trains upon Strand approaching from the west. There were gongs at the crossing which would ring constantly while an engine was approaching the same. It appears that the crossing is a very busy one and more or less noise and confusion there. Miss Walker testified she approached the crossing very slowly, at rate of five or six miles an hour. Did not hear bell or whistle or see train, and, as she approached and neared the crossing, her attention was attracted by men shouting, which confused and startled her. She looked to her right (east), and then turned and looked to the left (west), and just as she did so, the engine coming from the west struck her car.

[1] Under the facts detailed, we are of the opinion that the question of plaintiff's negligence was an issue properly submitted, and the jury's finding must be sustained. The margin, however, is very close.

[2] But, if her negligence should be conceded, the general verdict in her favor is amply supported on the issue of discovered peril. The engineer operating the engine with which she collided testified: That he was traveling five or six miles an hour. The engine was in perfect working condition, and there was no difficulty in applying and taking the air, and he could have stopped in 12 or 15 and possibly 8 feet, because he shoved the automobile about 8 or 10 feet. That he got the stop signal as the west end of the engine got about even with the west sidewalk of Twenty-Ninth street. Twenty-Ninth street is 80 feet wide between property lines and 48 feet between curb lines. The jury might have found that the engineer made no effort to stop until his engine was in actual contact with the automobile, if they accepted as true his statement as follows:

"Going at the rate of speed that I was traveling at that time, I guess I could have stopped my engine with the appliances that I had at hand in possibly about eight feet. I guess I stopped possibly in about eight feet, because I shoved the automobile about eight or ten feet."

In any event, he got the stop signal as the west end of the engine got about even with the west sidewalk of Twenty-Ninth street, and he traveled from that point about 40 feet before stopping on the opposite side of the street. Furthermore, according to the testimony of one of the switchmen, he probably received the stop signal when the eastern end or footboard of the engine passed a point 15 or 18 feet west of the western sidewalk. So it must be held that the issue of discovered peril was clearly raised.

[3] It is next asserted the evidence discloses that the engine, in approaching Twenty-Ninth street, was operated with all due care and caution, and therefore the failure to maintain a flagman at the crossing should not have been submitted as a basis of recovery.

The rule is recognized in this state, in cases of unusually dangerous crossings and intersections of wagon roads or streets with railroad tracks at grade, arising from the large travel or operation of cars, or the existence of obstructions or conflicting noises calculated to mislead or confuse those passing over such crossings, that it is proper to submit the failure of the railroad company to maintain a flagman at such point as actionable negligence predicated on the hypothesis that a person of ordinary prudence, operating trains under such circumstances, would have done so. Railway Co. v. Magee, 92 Tex. 616, 50 S. W. 1013; Railway Co. v. Magee, 49 S. W. 156; Thompson v. Railway Co., 11 Tex. Civ. App. 307, 32 S. W. 191; Railway Co. v. Gibson, 35 Tex. Civ. App. 66, 79 S. W. 352; Railway Co. v. Gibson, 83 S. W. 862, affirmed by Supreme Court 99 Tex. 98, 87 S. W. 814; Railway Co. v. Moore, 107 S. W. 658.

It is shown by the evidence that a great number of engines and trains were operated over this crossing every day and the travel there was heavy. The obstructions to vision and noisy character of the crossing have been noted, and the evidence fairly raised the issue of negligence in failing to maintain a flagman at that point.

[4] There is no merit in the third proposition subjoined to the first assignment for the reason that the only issues submitted as grounds for recovery were the alleged negligence in failing to have a flagman and in failing to use proper care to avert the injury after the engine crew had discovered the peril. Hence it is needless to review the evidence in its various aspects relating to grounds of negligence alleged in the petition, but not submitted in the charge.

This disposes of all questions raised, except the third assignment, complaining of the amount of the verdict in Miss Walker's favor.

A careful review of the evidence upon this phase of the case, and considering the extent and evident temporary nature of her injuries disclosed thereby, clearly indicates that the amount of the verdict is excessive, and a remittitur of $2,000 should be required as a condition of affirmance.

If, within 20 days from this date, a remittitur of that amount be entered, the judgment will be affirmed; otherwise it will be reversed and remanded.