Gulf, Colorado & Santa Fe Railway· Company v. Comer Blue.

Decided May 1, 1907.

**1.—Misconduct of Jury—Averaging Assessment of Damages.**

No abuse of the discretion of the court in refusing a new trial for alleged misconduct of the jury appears from the fact that the assessment of damages was reached by dividing by twelve the aggregate of the amounts named by

each, when there was no agreement in advance to abide by such result, but it was afterwards adopted by the jury as their verdict.

### 2.—Nuisance—Damages—Depreciation in Value.

The owner of real estate may recover as damages the depreciation in the value of his property by the erection of railway stock pens near it, though property in the town generally, including his own, had increased in value since their erection:

### 3.—Same.

The owner of residence property may recover for depreciation in its value from nuisance by bad odors, dust, and noise from stock pens erected near it, though he does not himself reside thereon.

### 4.—Same—Evidence—Disturbance of Tenant.

The tenant occupying plaintiff's premises could testify to disturbance of his sleep by noise from adjacent stock pens as bearing on the question of their effect on the value of the property.

Appeal from the District Court of Coleman County. Tried below before Hon. Jno. W. Goodwin.

*J. W. Terry* and *A. H. Culwell*, for appellant, by their 6th assignment of error, complained of the charge as permitting recovery for depreciation in the value of plaintiff's property by odors, noise and dust from the stock pens, because the evidence showed that plaintiff "did not reside on the premises in question; that same was not his place of abode, and he could not have been affected by any bad odor, noise nor dust in the comfortable enjoyment of said premises, and there was therefore, no evidence to justify this charge."

The seventh assignment complained of the admission of testimony by plaintiff's tenant, that he could not sleep on account of the noise from the stock pens.

*E. M. Critz*, for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is a suit by appellee against appellant for damages to certain real estate owned by the appellee in the town of Santa Anna, alleged to have been caused by the erection of the stock pens of the appellant near said real estate. A trial in the court below resulted in a verdict and judgment in favor of appellee in the sum of $215.

Without repeating or discussing in detail the testimony as shown by the record, we are of opinion that it is sufficient to support the verdict of the jury.

Appellant's fourth assignment of error complains of certain alleged misconduct of the jury in arriving at their verdict in this case, which was presented in its motion for a new trial as a ground thereof. The trial court heard evidence upon the issue raised by this ground of the motion, and overruled the motion for a new trial. Such a proceeding is authorized by Art. 1371, as amended by the 29th Legislature, Acts of 1905, p. 21; but theretofore, the verdict of a jury in a civil case was not permitted to be impeached by proof of the misconduct of the jury while deliberating upon the case. (St.

Louis, S. W. Ry. Co. v. Ricketts, 96 Texas, 71). Said article, as amended, provides as follows: "Where the ground of the motion is on account of the misconduct of the jury or the officer in charge, or because of any communication made to the jury or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or otherwise, by examination in open court; and if the misconduct proven or the testimony received or the communications made be material, a new trial may, in the discretion of the court, be granted." This provision places it within the discretion of the trial court to grant the new trial when the ground upon which it is based is the misconduct of the jury, and we would not be justified in revising the action of the trial court in refusing a new trial where the application is based upon such ground, unless the record satisfies us that the trial court has abused its discretion by such action. The only juror whose testimony was received on the hearing of the motion for a new trial testified, in substance, that there were differences among the jurors as to the amount of damages to which the plaintiff was entitled, and the amounts ranged from $100 to $500; that each juror put down the amount he was in favor of on a piece of paper and put it in a hat, and some one, perhaps the foreman, suggested that they divide the aggregate amount by 12, which was done, and it figured out just a fraction less than $215, and they agreed to make it $215; that the verdict was not agreed upon until after the result was ascertained; that there was no agreement before the amounts were put down and the result ascertained that they would accept such result as their verdict.

There is ample testimony in the record to support the amount of the verdict. The court · of criminal appeals, which by virtue of a provision of the Code of Criminal Procedure permits the misconduct of a jury while deliberating upon their verdict to be inquired into, has held that it is not a good ground for a new trial that the jury agreed to divide by 12 the sum of the fine and imprisonment suggested by each juror, where there was no agreement in advance to abide by the result, and where further ballots were taken before a verdict was agreed upon (Hill v. State, 67 S. W. 506). We think the action of the court below in not sustaining the ground of appellant's motion for a new trial which set up misconduct of the jury while deliberating upon their verdict, was amply justified by the evidence adduced upon that issue, and that there is nothing presented in the record tending to show an abuse of its discretion by such action.

There was no error in the refusal of appellant's requested special charge No. 2. If appellee's property has depreciated in value by reason of the erection of appellant's stock pens near it, he would be entitled to recover damages on account thereof, notwithstanding property generally in the town, including appellee's, has increased in value since the erection of said pens.

The paragraph of the general charge of the court complained of in appellant's 6th assignment of error was not erroneous. This

charge practically follows the rule laid down in the case of Denison & P. S. Ry. Co. v. O'Maley, 45 S. W., 227.

The testimony, admission of which is complained of in appellant's 7th assignment of error, was properly admitted. The property being used for residence purposes, this testimony tended to show that its value for that purpose was depreciated by the stock pens being erected near it.

The verdict of the jury was amply supported by the testimony, and is not excessive in amount.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*