CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY V. MRS. W. W. TRIPPETT.

Decided April 18, 1908.

**1.—Death—Measure of Damages—Charge—Cases Distinguished.**

In an action by a surviving wife against a railroad company for damages for the death of her husband, the court charged the jury upon the measure of damages, in part, as follows: "But you will exclude from your consideration in estimating the damages any mental, distress, if any, incurred because of his death." Upon the contention that said charge .was misleading in that it did not also exclude compensation for loss of society and companionship, the cases of International & G. N. Ry. Co. v. McVey, 99 Texas, 28, and International & G. N. Ry. Co. v. Glover, 88 S. W., 518, discussed and distinguished.

**2.—Same—Inheritance of Property—Case Distinguished.**

Where, in an action for damages for the death of a husband, it appeared that the deceased had a life expectancy of twelve years, and was an experienced and capable business man, whose services in the management of his property during that time would have been of value in excess of the revenue from the property, the court properly refused to instruct the jury to find for the defendant if the deceased "left an estate the revenue from which would equal the amount he would have contributed to the plaintiff." San Antonio & A. P. Ry. Co. v. Long, 87 Texas, 148, distinguished.

**3.—Trial—Improper Argument—Harmless Error, when.**

Improper argument is not ordinarily cause for reversal when the court instructs the jury to disregard it.

**4.—Misconduct of Jury—Verdict by Average.**

That the amount of a verdict in a damage suit had been ascertained by dividing the sum of the amounts advocated by the different jurors by the number of the jurymen is not cause for reversal when it is made to appear that the jury reached an agreement as to the amount to be allowed after the result had thus been figured on, and independently thereof, especially after a motion for new trial, based on the manner of arriving at a verdict, had been overruled by the trial court.

**5.—Death—Verdict Not Excessive.**

Although the deceased ·was sixty-three years of age, and had retired in a measure from active business, a verdict for $11,490 as damages for his death could not be held excessive when it was shown that he had a life expectancy of

twelve years, that he was an experienced business man, and that his conservative management of a valuable estate, which would have passed upon his death to the plaintiff, would probably have been of great pecuniary benefit to her.

Appeal from the District Court of Tarrant County.  Tried below before Hon. Mike E. Smith.

*N. H. Lassiter* and *Robert Harrison,* for appellant.

*R. C. Porter* and *Q. T. Moreland,* for appellee.

STEPHENS, Associate Justice.—W. W. Trippett, while a passenger on one of appellant's trains, was killed in a collision between it and another of its trains in the city of Fort Worth.  This suit was brought by the appellee, his widow, who recovered damages in the sum of eleven thousand four hundred and ninety dollars, from which this appeal is prosecuted, this being the third case to come before us arising out of that collision.  See Chicago, Rock Island & Gulf Ry. Co. v. Poore, 108 S. W., 504.

The questions raised by the assignments relate only to the measure of damages and the amount of the recovery.

The charge on the measure of damages, to which the first error is assigned, was as follows:  "As to the plaintiff, Mrs. W. W. Trippett, you are instructed to return a verdict in her favor and assess her damages at such a sum of money, as in your judgment, from all the facts and circumstances in the case, will reasonably and fairly compensate her for the pecuniary aids and benefits she had a reasonable expectation of receiving from said W. W. Trippett had he lived; also the reasonable and necessary expense incurred on account of the burial of deceased; but you will exclude from your consideration in estimating the damages, any mental distress, if any, incurred because of his death." It is insisted that this charge was misleading in that it excluded compensation for mental distress without also excluding compensation for loss of society and companionship, in support of which the following cases are cited:  International & G. N. Ry. Co. v. McVey, 99 Texas, 28, and International & G. N. Ry. Co. v. Glover, 88 S. W., 518.

The charge condemned in the McVey case is distinguishable, we think, from the charge above quoted in that, instead of distinctly limiting the compensation to "pecuniary aids and benefits," it directed the jury to allow the plaintiffs such amount as would "fully compensate them for the actual damages, if any, sustained by them, as shown by the evidence," and such as would be "fairly proportioned to the injury sustained," which was followed by the following language held to be misleading in that connection:  "But you will not allow the plaintiffs anything by way of solace for the death of said Edward McVey, or for any sorrow or anguish suffered by them as result of such death." We are unable to so distinguish the charge in question from the charge condemned in the Glover case, but that decision was rendered by the Court of Civil Appeals for the Third District on motion for rehearing in deference to the opinion of the Supreme Court in the McVey case, in which the decision of the same Court of Civil Appeals had just

been reversed. In other words, the Court of Civil Appeals felt constrained in the Glover case to follow the decision of the Supreme Court in the McVey case, but we are inclined to the opinion that the charges in the two cases were distinguishable, and while the charge in the case before us is perhaps not to be distinguished from the charge in the Glover case, it is, we think, distinguishable from the charge in the McVey case, and while we are thus perhaps brought in conflict with the decision of the Court of Civil Appeals as finally rendered on motion for rehearing in the Glover case, we are inclined to agree with the views expressed by that court on original hearing in both of those cases, but are not in conflict with the decision of the Supreme Court in the McVey case, if there is ground for the distinction we have made between the charge in that case and the one above quoted.

The next error is assigned to the court's refusal to instruct the jury to return a verdict in favor of appellant if the deceased "left an estate, the revenue from which will equal the amount he would have contributed to the plaintiffs," in support of which instruction the case of San Antonio & A. P. Ry. Co. v. Long, 87 Texas, 148, is cited. It seems from this opinion that property left by the deceased to survivors who are given a right of recovery under our statute for pecuniary loss, should be taken into consideration in estimating the damages, but it would not have been proper for the court on the facts of this case to have given the requested charge. True, a valuable estate passed at the death of W. W. Trippett by will to his widow, but he had a life expectancy of twelve years and was an experienced and capable business man whose service in the management of this estate during that time would undoubtedly have been of value in excess of the mere revenue which might otherwise have been derived from the estate.

The next error is assigned to the remarks of counsel in his address to the jury in alluding to the mental anguish and loss of companionship incident to the tragic death of deceased, although counsel was good enough to declare to the jury that he had only made these allusions for the purpose of stating to them, when interrupted by counsel for appellant, that no damages could be recovered for such injuries; but the court properly responded to this Mark Antony effort by instructing the jury "not to consider any argument in reference to any facts other than the plaintiff's pecuniary loss on account of the death of her husband," and we think it is altogether improbable that any harm resulted from the tactics employed.

Complaint is next made to the misconduct of the jury in arriving at a verdict, as presented to the court on motion for a new trial in the affidavits and testimony of some of the jurors, which were to the effect that the amount of the verdict had been ascertained by dividing the sum of the very divergent amounts advocated by the different jurymen by the number of jurymen. It seems from the showing made on this motion that this has become a favorite method of reaching a verdict in damage cases and we have felt some hesitation in approving the verdict in this instance, but have finally concluded that, as there were some circumstances tending to prove that the jury reached an agreement as to the amount to be allowed after the result had thus been figured on and independent thereof, we would not be warranted in hold-

ing that the court, in whose presence this matter was investigated, abused his discretion in upholding the verdict.

It only remains to dispose of the assignment complaining that the verdict is excessive, and while the amount seems to be large we are unable to say that it exceeds the value of the pecuniary benefits which might reasonably have been expected from an experienced business man with a life expectancy of twelve years, although he was sixty-three years of age and had retired in a measure from active business. His conservative management of a valuable estate, which he had willed to appellee and which, therefore, it is to be presumed she would have received at the end of his life, had he not been killed, would probably have been of great pecuniary benefit to her, not only in causing the estate to produce revenue, but also in preserving it from waste. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.