MARSHALL TRACTION CO. v. HARRINGTON. (No. 1738.)

(Court of Civil Appeals of Texas. Texarkana. April 10, 1917. Rehearing Denied May 3, 1917.)

1. STREET RAILROADS ⏺➡90(1)—INJURIES ON TRACK—NEGLIGENCE—NOTICE.

Where the street where defendant street railroad's car struck plaintiff's buggy was so narrow that plaintiff's buggy and a wagon ahead of him were in very close proximity to the tracks and one could not pass the other without going on the tracks, the situation was such as to put the motorman on notice that a dangerous collision might occur.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190, 191, 193.]

2. STREET RAILROADS ⏺➡90(1)—INJURIES ON TRACKS — NEGLIGENCE — ANTICIPATION OF PARTICULAR RESULT.

To charge a street railroad with liability for injuries to plaintiff when its car struck his buggy, it was not necessary that the motorman should have been able to anticipate the particular result that followed when he drove the car

in such a situation that he was charged with notice that a dangerous collision might occur.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 190, 191, 193.]

3. DAMAGES ⏺➡132(2)—PERSONAL INJURIES—EXCESSIVE VERDICT.

Where plaintiff sustained painful injuries to his shoulder, which might be permanent, verdict for $1,046 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 373.]

4. TRIAL ⏺➡315—QUOTIENT VERDICT.

In a personal injury case, where the jury agreed that each should state in writing the amount of damages he thought plaintiff was entitled to recover, and that the sum of the amounts should be divided by 12, which was done, but the jurors thereafter further discussed the result, and finally agreed upon such amount as the verdict, the verdict was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by A. Harrington against the Marshall Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones, T. P. Harte, and M. Harold, all of Marshall, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for $1,046 as damages resulting from personal injuries.

The evidence shows that the appellant owns and operates a street car line in Marshall, Tex. The appellee, plaintiff below, alleged that while driving along West Grand avenue one of appellant's cars collided with his buggy, threw him out, and caused the injuries sued for. He testified that he left Marshall in his buggy going west; that he overtook a two-horse wagon loaded with meal and flour, driven by two negroes. The street at that point runs east and west. The car line is in the middle of the street, and he and the other vehicle were on the north side of the street car track. He was riding in his buggy 12 or 15 feet behind the wagon. The street was very narrow, leaving no room for one vehicle to pass another without crossing the street car line. He saw the street car approaching, and when it got within about 40 yards of the wagon in front of him the mules became frightened and "began to dash around" and backed the wagon onto the track in front of the street car. The car struck the left hind wheel of the wagon, knocked some of the sacks of flour and meal off, and made his horse back. In doing so the left hind wheel of the buggy went on the track, was struck by the car, and he was thrown out and injured. There was other evidence tending to show that the car approached the mules at a rapid rate of speed, and that the motorman in charge made no attempt to check the speed until it was too late to avoid the collision.

---

The court charged the jury as follows:

"You are instructed that if the employés of the defendant saw, or by the exercise of ordinary care could have seen ·or discovered, that the mules pulling the wagon in front of the plaintiff had become frightened, and that the said mules were causing the wagon to be backed upon the plaintiff at a time when by the exercise of ordinary care the said employés could have stopped the car and prevented the injury to the plaintiff, and if you find that a person of ordinary care situated as the employés of the defendant were situated would have stopped the car, and if you shall further find that the said team backed upon the plaintiff and caused the plaintiff's horse to back his buggy upon the street car track, or so near thereto that the car struck the ·same and threw the plaintiff from the buggy and injured him, the plaintiff will be entitled to recover against the defendant such damages as he sustained thereby, unless you should find in favor of the defendant under other portions of this charge."

[1, 2] The substance of the objection urged to this charge is that the fright of the mules was not sufficient to notify the appellant's motorman that the plaintiff was imperiled. The facts show that the street where the accident occurred was so narrow that the vehicles were in very close proximity to the car as it passed, and the evidence tended to show that the mules were badly frightened by the approach of the car. The situation was such as to put the motorman on notice that a dangerous collision might occur. It was not necessary that he should anticipate the particular result that followed; it was enough for him to know that his car was causing, or liable to cause, a dangerous situation which would probably result in an injury to some one or more of the parties involved.

The seventh paragraph of the court's charge is objected to upon the ground that it is unsupported by the evidence. This objection we think is untenable.

A number of special charges were requested and.refused. These have been examined, and we approve the rulings complained of.

[3] It is contended that the verdict is excessive. The evidence tended to show that the appellee sustained painful injuries to his shoulder, which might be permanent. We cannot say that the jury overestimated his damage.

[4] Objection is also made to the conduct of the jury in arriving at their verdict. The bill of exception upon which the appellant relies shows . that the jurors agreed that each should state in writing the amount of damages he thought the plaintiff was entitled to recover, and that the sum of these amounts should be divided by 12. This was done, and after the result was obtained the jurors further discussed the result and finally agreed upon that amount. These facts do not bring the case within the rule where such verdicts are set aside as having been improperly arrived at.

The judgment is affirmed.