## KAROTKIN FURNITURE CO. v. DECKER.
### No. 8483.

Court of Civil Appeals of Texas. San Antonio.
Nov. 5, 1930.

Rehearing Denied Dec. 3, 1930.

D. A. Frank, of Dallas, and **L. M. Patterson**, of San Antonio, for appellant.

Eskridge & Groce and **W. M. Groce**, all of San Antonio, for appellee.

SMITH, J.

In the absence from appellant's brief of a sufficient statement of the case, we adopt that contained in appellee's brief:

"This suit was originally instituted by Billy Decker, a minor, suing by and through his next friend, against Appellant, for damages for personal injuries sustained as a result of a truck owned, and operated by Appellant's servants and agents running over Appellee, while he was upon a public street in the city of San Antonio. Appellee, among other things, charged that the operators of the truck failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances just before the accident happened, and that such failure was the proximate cause of his injuries. He further alleged that he sustained a fractured skull, crossed eyes, and other injuries as a result of the accident. Other acts of negligence were charged in the pleadings but not submitted to the jury and, therefore, will not be here referred to.

"Appellant answered by general demurrer, special exceptions, general denial, several pleas of contributory negligence, and further alleged that the accident was unavoidable.

"Upon the issues thus joined in the pleadings, the case went to trial before a jury, and it having been indisputably established that Appellee was an infant less than three years of age at the time the accident happened, the court refused to submit any issues of contributory negligence to the jury, but submitted the issue as to whether or not the servants and agents of Appellant, operating the truck, failed to keep such lookout for persons on the street, as a person of ordinary prudence would have kept under the same or similar circumstances, just prior to the accident; whether such failure was a proximate cause of the injuries; whether the accident was unavoidable, and, the issue as to the amount of damages.

"The jury found that the agents and servants of Appellant failed to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances; that such failure was the proximate

cause of the injuries sustained by Appellee; that the accident was not unavoidable and fixed Appellee's damages at Six Thousand ($6,000.00) Dollars. Upon the verdict thus rendered, judgment was entered in behalf of Appellee for Six Thousand ($6,000.00) Dollars. * * * *"

■■ In its first proposition appellant complains of the failure of the court to define for the benefit of the jury certain terms, such as "negligence," and the like. The statement under this proposition consists, only, of a copy of appellant's second assignment of error, complaining of this omission, and the general statement that the court failed to define those terms in its charge. The statement is obviously insufficient to support the proposition, and for this reason, and the further reason that it does not appear that appellant requested the court to define those terms, the proposition is overruled. For like reasons appellant's propositions 2, 3, and 4 are overruled.

In its fifth proposition appellant complains of the form of special issue 1 as submitted to the jury, as follows: "Did the agents or employees of defendant operating the truck fail to keep such a lookout for the persons on the street as a person of ordinary prudence would have kept under the same or similar circumstances, just prior to the accident? Answer yes or no."

■■ The objections now urged to this special issue are that it "(1) is duplicitous and (2) is a submission of more than one issue in the same question." The second objection was not mentioned in appellant's assignment of error upon which this proposition is predicated, and of course cannot be considered here. The authorities cited by appellant relate to that objection only. The remaining objection urged is that the issue was "duplicitous," but such vice is not apparent in the charge itself, or disclosed in the assignment or proposition presented here. The proposition must be overruled. In its sixth proposition appellant complains of the same charge, upon the ground that it "is improper and upon the weight of the evidence," and the reason for overruling the fifth proposition applies alike to the sixth, which will be overruled. The objections that a charge is "improper," or is "upon the weight of evidence," without specifications showing why it is subject to those vices, are too general to require consideration. There is no merit in the seventh and eighth propositions, which are accordingly overruled.

[6] In its ninth proposition appellant complains of the trial court's definition of "proximate cause," but, in the absence from the statement under that proposition of any reference to the pleadings or evidence relating to that issue, we cannot say the charge was erroneous. It is not so upon its face, by which its soundness must be judged, in the absence of such statement. The proposition must be overruled.

■ In its tenth proposition appellant objects to the form in which the issue of compensation was submitted to the jury. The issue was submitted in this language:

"What sum of money, if any, would if paid now reasonably compensate the plaintiff Billy Decker for such injuries, if any, as you may find from the evidence to have been sustained by him which are alleged in the petition? Answer stating amount.

"In estimating such amount of money, if any, you may take into consideration pain, if any, suffered or to be suffered by the plaintiff Billy Decker as a direct result of such injuries, and if you find from the evidence that such injuries will impair plaintiff's capacity to work and earn money after he reaches the age of twenty-one years, you may include in your estimate such an amount as you may believe from the evidence, if paid now, would reasonably compensate the plaintiff Billy Decker for such impaired capacity, if any, to work and earn money after he reaches the age of twenty-one years. And if you find from the evidence that the plaintiff Billy Decker's eye was crossed as a direct result of the accident you may include in your estimate such an amount as you may believe from the evidence would, if paid now, reasonably compensate the plaintiff Billy Decker for such disfigurement, if any."

Appellant's proposition is that: "The submission of the question to the jury as to what amount of money would reasonably compensate the plaintiff for such injuries as are alleged in the petition is improper and is the submission of the case upon a general issue instead of upon special issues as attempted by the Court in this case." We hold that the charge is not subject to that objection, and overrule that proposition.

■ Appellant's eleventh proposition, directed against the same charge, is that "it is improper for the Court to refer the jury to the allegations of pleadings which are not permitted by the Court to be taken by the jury into the jury room." It does not appear from the statement under this proposition whether the jury took the pleadings with them in their retirement. But whether they did or not would seem to be immaterial, in view of the full charge of the court upon the issue of compensation, and the restrictions therein upon the jury as to the elements of damage they should consider in their deliberations upon that issue. In any event there is nothing in the meager statement under this proposition from which an appellate court may infer that the charge was in any sense prejudicial to appellant, and there is no complaint that the

verdict was excessive. The eleventh proposition will be overruled, as will also the twelfth, for like reasons.

■■ Appellant complains in its propositions 13 and 14 because the court failed and refused to submit to the jury certain issues giving effect to appellant's contention that appellee's injuries were caused by acts of contributory negligence upon his part, such as whether he "ran instead of walking upon the street in front of defendant's truck"; whether appellee failed to keep a lookout for his own safety, and whether he did "dart out suddenly and run in front of traffic so that cars approaching did not have time to stop before striking him." It appears from the record that appellee was less than three years of age at the time appellant's truck was run over him. That being his age, we conclude that the court was correct in refusing to submit the issue of appellee's contributory negligence, for it is well settled that, as a matter of law, a child of such tender age cannot be deemed guilty of contributory negligence for the purpose of relieving others from liability for negligently injuring him. 45 C. J. p. 999, § 553; Texas & N. O. Ry. Co. v. Brouillette, 61 Tex. Civ. App. 619, 130 S. W. 886; Ft. Worth & D. C. Ry. Co. v. Wininger (Tex. Civ. App.) 151 S. W. 586; Thompson v. Ry. Co., 11 Tex. Civ. App. 307, 32 S. W. 191; Galveston, H. & N. Ry. Co. v. Olds (Tex. Civ. App.) 112 S. W. 787; Texas & P. Ry. Co. v. Fletcher, 6 Tex. Civ. App. 736, 26 S. W. 446; Mexican Cent. Ry. Co. v. Rodriguez (Tex. Civ. App.) 133 S. W. 690. Accordingly there is no merit in appellant's complaint, and its propositions 13 and 14 are overruled.

■ Appellant's proposition 15 is that "the court should have submitted to the jury the question as to whether or not the act of the nursemaid in permitting the plaintiff, a child of tender years, to run upon the street unattended was the intervening proximate cause of plaintiff's injuries." The statement under this proposition contains nothing but a copy of appellant's assignment of error complaining of the recited refusal of a "special requested instruction wherein the jury were told to find whether or not the nursemaid of plaintiff W. E. Decker permitted the plaintiff Billy Decker to run upon the street in front of defendant's truck," and an excerpt from Mrs. Decker's testimony that on the day of the accident she left the child with "the nurse." Obviously this statement is not sufficient to support the quoted proposition of law. The requested charge is not set out, nor the court's refusal thereof, nor is there any record reference to that charge; no testimony is set out concerning the acts or conduct of the nurse in any respect, or showing any facts which raise the issue sought to be submitted. The proposition and statement thereunder present nothing for review, and the proposition is therefore overruled.

■ Appellant's proposition 16 is that "the statement by the mother of plaintiff, 'I thought he had a hemorrhage; he was unconscious; he was not moving at all' was objectionable as being opinion evidence from a non-expert." The statement under this proposition discloses that the court sustained appellant's motion to strike out the statement of the witness that "I thought he had a hemorrhage," which ruling cured the error, if any, of its admission. The remaining statement of the witness, that her child was "unconscious; he was not moving at all," could not have prejudiced appellant's case. Besides, we think it is reasonable to assume that a mother was competent to determine if her two and a half year old child was "unconscious," and "was not moving at all," and the admission of that testimony did not constitute error. The proposition is overruled.

■ Appellant complains, in its proposition 17, of the ruling of the court in permitting a witness to answer the question of appellee's counsel, "I believe you stated that the truck ran right over him before it stopped?" The objection to this question was that it is leading, which it is. But no injury is shown to have been sustained by appellant by reason of this question and the affirmative answer thereto. If it had been made to appear that the witness had not previously testified to the fact embraced in the objectionable question, or that such fact was not otherwise developed, the error complained of might have become more important, but no such showing is made in appellant's brief. In this situation it is obvious that the incident does not warrant reversal. The proposition is accordingly overruled.

■ Under its proposition 18 appellant complains of the submission of certain testimony of one of appellee's witnesses. The proposition is predicated upon eleven different assignments of error, supported by as many separate bills of exception, each raising objections to different fragments of testimony of the same witness, the admissibility of which is sought to be tested by nine special exceptions, which are said by appellant to have been overruled by the trial court. The proposition is multifarious, in that it raises eleven different questions of law, applicable to as many different statements of the witness. However, we have considered the proposition as presented, have tested it by the various assignments upon which it is predicated, and conclude that no error is shown. The proposition is, in effect, that the several parts of the testimony complained of are not supported by appellee's pleadings when tested by the overruled special excep-

tions thereto. No complaint is made, on this appeal, of the rulings of the court in overruling those exceptions, and the appeal must be determined as if no such rulings were made. But, regardless of that consideration, we think the testimony was admissible under the pleadings, and accordingly overrule proposition 18. For like reason we overruled proposition 19.

■ Objection is made in appellant's twentieth proposition to the testimony of appellee's mother that appellee, upon recovering consciousness after the accident, as stated in the proposition, "seemed to be suffering—and was in great pain for a period of weeks—and cried and said that he was in pain." The statement that appellee was "in great pain for a period of weeks" was stricken out by the trial court upon appellant's motion, which eliminates it from consideration here. The statement that appellee "seemed to be suffering" was objected to because it was but a conclusion of the witness, who explained that her conclusion that her baby seemed to be suffering was based upon the fact that "he cried and said he was in pain," which latter statement is likewise objected to upon the ground that it is a "conclusion and hearsay." The transaction does not present reversible error, and proposition 20 is overruled. The child was too young to be guilty of malingering, or working up a damage suit, and it is obvious that its mother, of all persons, was competent to determine whether it was suffering, or was in pain.

In its proposition 21 appellant complains of certain argument made to the jury by one of appellee's counsel. Appellant objected to the argument at the time it was made, its objection was sustained, and the jury was instructed by the trial judge not to consider the argument objected to. It is not made apparent in the record that appellant was materially prejudiced by this transaction, or that the jury disregarded the court's instruction and considered or gave any weight to the argument complained of. It is not claimed in any assignment urged here that the verdict was excessive in amount.

Further complaint of arguments of appellee's counsel is made in propositions 22 and 23. Whatever substance might have otherwise supported this complaint is neutralized by the qualifications annexed by the trial court to the two bills of exception, that appellant made no specific objections to the argument, but simply stated to the court at two certain junctures, "we want a bill of exception to that line of argument," which, as shown further in said qualification, was provoked by appellant. In the absence of any showing that appellant's rights were prejudiced or injured by these incidents, the propositions must be overruled.

■ In its twenty-fourth, and last, proposition appellant complains that the verdict returned was a "quotient" verdict, and insists that the judgment based thereon must be reversed. The jurors, as a means of ascertaining a basis for compromise, each wrote down on a slip of paper the amount of damages he thought should be awarded appellee. When this was done the several amounts were added together and when divided by twelve made a quotient of $5,700. The jurors then considered the matter of damages further, and afterwards reached an agreement upon the sum of $6,000, to which they all separately and then collectively agreed. There was no sort of agreement in advance of adopting this method, that the amount so ascertained should be binding upon the jurors, or any of them, and none of them so regarded the experiment. The method was adopted after much discussion, and only for the purpose of getting at a basis for further discussion, which finally resulted in agreement upon the amount awarded. The process was used as a means of effecting a compromise among the jurors upon the important issue of the amount of damages, and the result was in fact a compromise verdict, as are all verdicts in such cases. It was not a "quotient" verdict such as are condemned by the courts, and appellant makes no contention that it was excessive in amount. The process resorted to by the jurors does not constitute reversible error. On the other hand, it has often been approved by our courts. Handley v. Leigh, 8 Tex. 129; Missouri, K. & T. Ry. Co. v. Hawkins, 50 Tex. Civ. App. 128, 109 S. W. 221; Chicago, R. I. & G. R. Co. v. Trippett, 50 Tex. Civ. App. 279, 111 S. W. 761; Missouri, K. & T. Ry. Co. v. Light, 54 Tex. Civ. App. 481, 117 S. W. 1058; Armstrong Packing Co. v. Clem (Tex. Civ. App.) 151 S. W. 576; Northern Texas Traction Co. v. Evans (Tex. Civ. App.) 152 S. W. 707; Id.; 108 Tex. 356, 193 S. W. 1067; International & G. N. Ry. Co. v. Jones (Tex. Civ. App.) 175 S. W. 488; Weatherford, etc., Ry. Co. v. Thomas (Tex. Civ. App.) 175 S. W. 822; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517; Andrews v. York (Tex. Civ. App.) 192 S. W. 338; Bryan & College Interurban R. Co. v. Ellison (Tex. Civ. App.) 241 S. W. 542, 545; Dallas Ry. Co. v. Hallum (Tex. Civ. App.) 276 S. W. 460; San Antonio Public Service Co. v. Alexander (Tex. Civ. App.) 270 S. W. 199; Id. (Tex. Com. App.) 280 S. W. 753; Gulf, C. & S. F. Ry. Co. v. Blue, 46 Tex. Civ. App. 239, 102 S. W. 128; Eastern Ry. Co. v. Montgomery (Tex. Civ. App.) 139 S. W. 885; El Paso Electric Ry. Co. v. Lee (Tex. Civ. App.) 223 S. W. 497.

The cause appears to have been fairly tried and determined, no reversible error has been presented, and the judgment is affirmed.