## DUGAT v. HARGRAVES et al.
### No. 2113.

Court of Civil Appeals of Texas. Beaumont.
Oct. 8, 1931.

P. C. Matthews and H. A. Maynard, both of Liberty, for appellant.

A. W. Marshall, of Anahuac, for appellees.

WALKER, J.

This was an action in county court by appellee against appellant to recover the balance due under a labor contract. The trial was to a jury. The parties agreed that appellant was due appellee wages for 116 days at $2 per day. The jury found that appellant was due appellee wages for 777 days at $1 per day. No issue is made here against that finding. The jury found, also, that appellant had paid appellee $501. Appellant has briefed his case upon two propositions: First, that the finding of $501 is without support in the evidence; and, second, the verdict was a "quotient verdict."

On the first proposition appellant swore he had paid appellee $691.73, but the following testimony by the witness Johnnie Berglof detracts from the weight of appellant's testimony: "I was present at Mr. Dugat's when Vernon stopped working for him and I heard Mr. Dugat tell Vernon that he had kept no account of the days he worked or of the amount of money he had paid Vernon outside of the checks. That he had no record whatever of it. Mr. Dugat requested Vernon to let him copy his account book, stating that he wanted to have it because he had kept no account himself. Vernon let him copy the account at that time."

Appellee testified: "Mr. Dugat paid me small amounts from time to time and I kept an accurate account of same, making a total of $446.00. I am positive that he paid me that much because I have that amount down in my time book. I will not be positive that he did not pay me more than that because there might have been some small amounts that he paid me that I did not put in my book, but that amount reflects the amount of my record which I kept correct and entered each item when it was paid."

■ Upon this testimony the amount paid by appellant to appellee was a jury question.

■ The verdict of the jury was not a quotient verdict. After the jury had deliberated awhile without reaching a verdict, Otto Gersbach suggested "that all amounts each juror thought was right should be added together and divided by six." That was done, and the quotient thus reached was accepted by the jury as its verdict. But the testimony was further to the effect that after the calculation the jury further deliberated upon their

verdict for two or three minutes, and then by a new vote accepted the quotient as the verdict. The testimony of the jurors affirmatively excludes a conclusion that any member of the jury, prior to the calculation, agreed to be bound by the result. But all the testimony was to the effect that they agreed to make the calculation merely as a working basis for a verdict. Thus Mr. Nettles, testifying about the quotient, said: "It was my understanding that if the amount was reasonable it would be my verdict. If it was not reasonable I would not have agreed to it."

Sam Dabney testified: "We did not agree before the adding and the dividing that the result would be our verdict. I did not consider I was bound by the figures until I further agreed to it. It was merely a working basis for us to discuss. We afterwards discussed among ourselves, and the foreman asked us if we were satisfied, and we then agreed upon the amount as our verdict. We did not agree before adding the figures that the result would be the verdict."

Louis Myzell testified: "After the amount was determined the jury remained in the jury room about two or three minutes, after the foreman asked if we agreed to that amount we gathered up the papers and came into court with the verdict. * * * We agreed, after adding it up, that the amounts would be the verdict. We had not agreed before we added the figures that that would be our verdict. I did not consider myself bound to render a verdict in accordance with the result of the figures; if it had been an unreasonable amount, I would not have agreed to it. The result of adding the figures and dividing was only to be a working basis for the agreement."

Otto Gersbach, the juror who made the suggestion, testified: "After the adding and dividing the foreman asked the jurors if that was satisfactory; that they agreed to that verdict. I did not consider the result of adding and dividing as binding upon me before the adding of the figures and if the result had been unreasonable I would not have agreed to it. The adding and dividing was merely a basis on which we would try to agree. There was no agreement made before the adding that the result would be the verdict. That was agreed on afterwards."

John Hale testified: "The foreman, after the figuring, asked each man if that was satisfactory, and they said yes. The result was not to be binding upon us, but was only taken as a working basis."

Joe Kochigan testified: "We never agreed to it first that it would be our verdict, but if agreeable to all jurors we would agree on it afterwards. If the result had not been a reasonable amount I would not have agreed to it, we would not have given it as our verdict. I did not consider myself bound by the result of the adding and dividing unless it was reasonable and agreeable with the jurors."

The rule seems to be, in testing the validity of such verdicts, that "where there was no agreement before hand to adopt the quotient as the verdict, and the quotient was to be used, and was used, merely as a working basis to arrive at the amount of the verdict, such conduct will not justify a reversal." El Paso Electric Co. v. Collins (Tex. Civ. App.) 10 S. W.(2d) 397, 399; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; Weatherford, etc., Ry. Co. v. Thomas (Tex. Civ. App.) 175 S. W. 822; Eastern Ry. Co. of Mexico v. Montgomery (Tex. Civ. App.) 139 S. W. 885; Missouri, K. & T. Ry. Co. v. Hawkins, 50 Tex. Civ. App. 128, 109 S. W. 221; Gulf, C. & S. F. Ry. Co. v. Blue, 46 Tex. Civ. App. 239, 102 S. W. 128; Missouri, K. & T. R. Co. v. Light, 54 Tex. Civ. App. 481, 117 S. W. 1058; Chicago, R. I. & G. R. Co. v. Swann, 60 Tex. Civ. App. 427, 127 S. W. 1164; Handley v. Leigh, 8 Tex. 129; Leverett v. State, 3 Tex. App. 217.

That the jury returned the quotient as their verdict did not constitute misconduct. This was clearly held in Marshall Traction Co. v. Harrington (Tex. Civ. App.) 194 S. W. 1156, 1157 (writ of error refused), where the court said: "Objection is also made to the conduct of the jury in arriving at their verdict. The bill of exception upon which the appellant relies shows that the jurors agreed that each should state in writing the amount of damages he thought the plaintiff was entitled to recover, and that the sum of these amounts should be divided by 12. This was done, and after the result was obtained the jurors further discussed the result and finally agreed upon that amount. These facts do not bring the case within the rule where such verdicts are set aside as having been improperly arrived at." See, also, Chicago, R. I. & G. R. Co. v. Trippett, 50 Tex. Civ. App. 279, 111 S. W. 761; El Paso Electric R. Co. v. Lee (Tex. Civ. App.) 223 S. W. 497.

The judgment of the lower court is in all things affirmed.