## DAVIDSON v. SWANSON.
### No. 2138.

Court of Civil Appeals of Texas. Beaumont.
Nov. 5, 1931.

A. A. Seale, of Nacogdoches, for appellant.

Hodges & Greve and A. T. Russell, all of Nacogdoches, for appellee.

WALKER, J.

This is an appeal from the county court of Nacogdoches county. For the opinion on the former appeal, see Davidson v. Swanson, 24 S.W.(2d) 776, to which we refer for a complete statement of the nature of this suit. On the new trial under the remand only one issue was submitted to the jury, which was: "Do you find from a preponderance of the evidence that the plaintiff, J. L. Swanson, substantially complied with this contract?"

On the affirmative answer of the jury to that question, judgment was entered in appellee's favor against appellant for the sum of $52 with 6 per cent. interest from September 1, 1928. The appeal is by John P. Davidson, defendant below.

On this trial, because of the absence of the witnesses Carlyle Gilbert and Henry Rusche, their testimony was reproduced from the statement of facts on the former trial. When the jury retired, they carried with them into the jury room the entire statement of facts on the former trial, which included also the testimony of C. C. Pierce. The examination of the jury on motion for new trial showed that some of the jury read the Pierce testimony from the statement of facts. This testimony was not before the jury in any way on this trial. The action of the jury in reading this testimony is assigned as error on this appeal. The assignment is overruled. Two of the jurors testified that, as they were leaving the jury box to retire to consider their verdict, one of appellant's counsel handed the juror Robinson the statement of facts on the former trial, which included the Pierce testimony. While this fact was controverted by appellant, yet by overruling the motion for new trial the lower court accepted as true the testimony of the jurors, and we are bound by this ruling. So, as the statement of facts was handed to the jury by appellant's counsel without any limitation as to its use by them, we think appellant is estopped to assign error on the ground that they read the Pierce testimony, especially so in view of the fact that no showing of error resulted from this act.

The court did not commit reversible error in permitting appellee to testify that his son worked with him on the Davidson job

and that his time was worth $8 per day, and that his son's time was worth $8 per day, and that appellant had not paid his son anything on account of this work. As shown by the opinion on the former appeal, one of the contested issues was the amount of money paid by Davidson for appellee's account, and to whom paid. In meeting this issue, it was permissible for appellee to show that appellant paid his son nothing. While the value of appellee's daily work and the daily work of his son was immaterial on the issue submitted to the jury, yet, as appellant has in no way contested the finding of the jury on this issue as being without support, and has assigned no error against the judgment of the lower court in assessing the damages at $52, the, error assigned does not constitute reversible error.

Affirmed.