**COLLINS et al. v. SHIVERS.**

No. 11496.

Court of Civil Appeals of Texas. Galveston.

Dec. 17, 1942.

Adams & Morgan, of Crockett, and Bennett & Bennett, of Normangee, for appellants.

Kennedy & Granberry, of Crockett, and Sleeper, Boynton, Darden & Burleson, of Waco, for appellee.

GRAVES, Justice.

This statement by appellants as to the nature and result of the suit in the court below is conceded by the appellee to be substantially correct:

"This is an appeal from an order of the District Court of Houston County, Texas, overruling the motion of the appellants (E. B. and Grace Collins, husband and wife), for a new trial in the above case.

"Appellants sued appellee in the District Court of Houston County, Texas, for damages growing out of a collision between the truck and trailer driven by J. E. Warren, as driver, and owned by J. F. Shivers, with an automobile driven by Mrs. Grace Collins on Highway No. 297 about two miles from Crockett in Houston County, Texas.

"In such suit, plaintiffs alleged all the necessary grounds to show cause why plaintiffs should recover damages.

"Plaintiffs proved by Mrs. Grace Collins all the necessary facts to justify the court in submitting the cause to a jury.

"The appellees alleged such facts as to deny any liability whatever on their part. The appellees further, in their cross-action, alleged such facts as would entitle them to damages in the cause.

"Appellees proved in the trial such facts as would authorize the court to submit to the jury the issues as were submitted.

"At the conclusion of the introduction of all of the evidence, a jury having been

empanelled, the court submitted the cause upon Special Issues, which were answered by the jury as its verdict. Upon the answers to the Special Issues, the court rendered judgment in favor of the appellee Shivers and against appellants, E. B. and Grace Collins.

"In due time plaintiffs filed their motion for a new trial. And thereafter filed their amended motion for a new trial.

"Upon a hearing of this motion for a new trial, the court overruled the same."

Appellants state here three points for reversal, which may be reduced to these two:

(1) It was alleged and proved by appellants in the hearing on their motion for a new trial, that, after the jury had answered submitted special issue No. 1, they made their answers to each of the succeeding special issues "so that they would be in conformity with the answer to Special issue No. 1."

(2) It was alleged and proved by appellants in the hearing on their motion for a new trial that "one of said jurors had formed an opinion against the appellants; that said juror had forgotten having had such an opinion when being qualified, and did qualify; that when the evidence of the appellees was introduced in said cause such juror remembered his former opinion from the evidence adduced; said former opinion was aroused in his mind, and he held it in his mind until a verdict was rendered, and that said juror rendered a verdict in conformity with the opinion he had previously formed."

"Appellants were entitled to a trial by a jury, none of whom had formed an opinion, and by whom there could be no question about any fact or facts being considered in arriving at a verdict, save the evidence adduced in the trial; and it was alleged in said motion for a new trial that appellants did not have such a fair and impartial trial, and the proof supported such allegations."

At the outset, appellee Shivers—his co-defendant below not having been made a party in this court—ineptly objects to this court's consideration of appellants' brief, on the stated grounds that their points as presented therein "are not germane to one or more assignments of error.

"No assignments of error are copied in appellants' brief.

"No assignments of error are cited by reference in appellants' brief."

■ In view of the fact that there were, in this instance, original and amended motions by appellants for a new trial, and an extended hearing of evidence thereon before the court, inclusive of the testimony of three of the jurors who had participated in answering some 42 or more of the special issues, by which the court had literally cross-examined them on all phases of the collision-controversy, the quoted objections are not well taken. See Rule 418, Franki's Vernon's Texas Rules of Civil Procedure, page 395, and footnotes to the middle of page 404, especially that termed "Assignments" at page 399.

Appellants' points have, therefore, been considered upon their merits, but both are overruled, upon the finding that the record brought up on the appeal does not support their contention as to their having proved (their allegations thereof being conceded) either of the charges of jury-misconduct they so alone depend upon for a reversal at the hands of this court.

In other words, the statement of facts reflecting the full evidence heard by the trial court in passing upon their amended motion for a new trial below, which has been separately brought here, plainly discloses the insufficiency of their showing; upon the contrary, it fully supports at least these diverse findings of fact, which may be properly inferred from, as well as implemented into, the trial court's order in overruling such motion, to-wit:

"(1) That the jury trying this case did not enter into an agreement as to who should or should not recover therein, and then proceed to answer the Special Issues in the court's charge in such a way as to carry such agreement into effect, regardless of the testimony before them.

"(2) That the jury considered the issues separately, and answered them separately, from the evidence adduced upon the trial.

"(3) That the misconduct complained of did not in fact occur in either particular."

■ The second point is based upon the claim that the juror, Riley Hooks, had taken up a prejudice against the appellants' case before his examination on his voir dire as a prospective juror, despite which he had qualified himself and undertaken to serve; but when appellee's evidence came in, he had simply reverted to such preconceived

opinion in their favor, and, in sole response thereto, later returned his verdict for them, not having given any fair consideration at all to the evidence appellants offered.

However, as indicated, after a painstaking grilling of three of the jurors, including the foreman, H. J. Paul, Riley Hooks himself, and Lee Swearington, the trial court, presumably at least in having so refused a new trial, found against these presentments, to the effect that Hooks had not been disqualified to serve as a juror in the case, that he had not acquired a preconceived opinion as to the liability of any of the parties to the cause—either when he became accepted as a juror, or during his service thereafter as such; further, that the statement appellants claimed Riley Hooks had heard appellant E. B. Collins make prior to the trial of this cause, to the effect that his wife, Gracie Collins, had driven on the wrong side of the highway in attempting to pass the appellee's truck, and had met it, did not affect his verdict; but that, on the other hand, he had answered the issues in the court's charge solely from the evidence adduced before the jury.

The first point rests upon the insistence that the jury as a whole, after having, in answer to special issue No. 1, found that the driver of appellee's truck had been operating it at the time of the collision at only 30 miles per hour, then, in effect, agreed among themselves, and carried out that agreement, to answer each and all of this great number of succeeding issues likewise in appellee's favor so as to make such subsequent answers carry out their purpose of finding in his favor, regardless of what the evidence was.

■ Clearly, it is thought, the trial court was fully supported by the mass of testimony before it in its contrary findings to the effect that no such agreement had really been made or undertaken to be carried out; but that the jury had considered the special issues as submitted to them, and had in the fair exercise of their exclusive province answered each of them separately from the testimony before them.

■ That is neither required, nor would any needful purpose be subserved by undertaking to detail, or even to make a comprehensive resume of the testimony underlying such findings of the court below, since a review of the statement of facts convinces this court that there was ample support for each of them, hence

there was no abuse upon that court's part in refusing the motion for rehearing. Waggoman v. Fort Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005; Texas Employers' Ins. Ass'n v. Chocolate Shop, Inc., Tex.Com.App., 44 S.W.2d 989; Debes v. Greenstone, Tex. Civ.App., 260 S.W. 211; Patterson v. Peel, Tex.Civ.App., 149 S.W.2d 284; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Marshall Traction Co. v. Harrington, Tex.Civ.App., 194 S.W. 1156; Weatherford, M. W. & N. W. Ry. v. Thomas, Tex.Civ.App., 175 S.W. 822; Chicago, R. I. & G. Ry. Co. v. Trippett, 50 Tex.Civ.App. 279, 111 S.W. 761; El Paso Electric Ry. Co. v. Lee, Tex.Civ.App., 223 S.W. 497; Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703; Dugat v. Hargraves, Tex.Civ.App., 42 S.W. 2d 683; Railway Express Agency v. Bannister, Tex.Civ.App., 46 S.W.2d 372, 373; State v. Littlefield, Tex.Civ.App., 147 S.W. 2d 270.

■ The pleadings and evidence before the court on rehearing—at most from the appellants' standpoint—raised issues of fact over whether the alleged misconduct in either particular took place; its action, therefore, in overruling their motion without comment—there being amply supporting testimony—will be presumed on appeal to have been based on a finding that no such derelictions occurred. Duerler Mfg. Co. v. Eichhorn, 44 Tex.Civ.App. 638, 99 S.W. 715; Texas & P. Ry. Co. v. Aaron, Tex. Civ.App., 19 S.W.2d 930; Davidson v. Swanson, Tex.Civ.App., 43 S.W.2d 172; State Teachers' Mut. Ins. Co. v. Mims, Tex.Civ.App., 74 S.W.2d 549; Garrett v. United States Fidelity Co., Tex.Civ.App., 77 S.W.2d 1066; Sweatt v. Tarrant County, Tex.Civ.App., 108 S.W.2d 700; Edens-Burch Lumber Co. v. Wood, Tex.Civ.App., 139 S.W.2d 881; Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919.

■ Finally, it is thought, appellants did not show themselves entitled to assert herein that Riley Hooks had become disqualified as a juror, within the meaning of Section 4 of Article 2134, Vernon's Texas Civil Statutes, because, although basing their claim to that effect solely on E. B. Collins' alleged pretrial statement to Hooks that Grace Collins "at the time of the accident had driven around a car, and met a truck", both appellants—presumably then having knowledge of such statement—ac-

cepted Hooks as a juror, without protest or inquiry of any sort.

Under these authorities, they could not, after a trial on the merits, make that objection to his qualification as a juror for the first time on rehearing: 29 Texas Digest, New Trial, and cited cases; Price v. Humble Oil & Refining Co., Tex. Civ.App., 152 S.W.2d 804; El Paso Electric Co. v. Whitnack, Tex.Com.App., 1 S.W.2d 594; Tannerberger v. Massey, Tex.Civ.App., 124 S.W.2d 949; De Leon v. Longoria, Tex.Civ.App., 4 S.W.2d 222; Wolf v. Wolf, Tex.Civ.App., 269 S.W. 488; Wise v. Johnson, Tex.Civ.App., 198 S.W. 977.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require that the judgment should be affirmed; it will be so ordered.

Affirmed.