**TEXGLASS, INC., Appellant,**

v.

**Paul D. SUHOVY, Individually and d/b/a Suhovy Machine Shop, Appellee.**

**No. 16559.**

Court of Civil Appeals of Texas.

Fort Worth.

June 26, 1964.

Rehearing Denied July 17, 1964.

Allred & London, and Rene Allred, Jr., Bowie, for appellant.

Anderson & Connell, and Jack Connell, Wichita Falls, for appellee.

MASSEY, Chief Justice.

The judgment below was in *quantum meruit,* entered for what would be the amount the defendant owed to plaintiff with credit given for the amount theretofore paid. The special issue answers, upon which judgment was rendered, were two in number. By the answer to the first was established a total amount the defendant was obligated to pay. By the answer to the second the amount already paid was found. No one complains of the second answer, nor of the manner by which the jury arrived thereat.

Complaint in two respects is made, however, to the first of the answers. The first premise of the complaint is that the jury deliberated upon the "remainder" owing to plaintiff (after it had arrived at the amount already paid) rather than upon the total amount owed plaintiff. The question asked was upon the matter of total amount owed. The second premise of complaint is that the "remainder" owing was improperly agreed upon, in that antecedent thereto the jury took a "straw vote" as to the consensus of their opinion of a proper amount, and then later agreed upon a figure which approximated the consensus of the "straw vote". Eventually the jury added their finding of the "remainder" to the amount found in answer to the second of the special issues. The total sum resulting was then returned as the jury's answer to the first special issue. Such answer conformed to the question.

That the foregoing is what occurred is either positively established by the record made on the motion for new trial on the ground of jury misconduct, or, alternatively, was what the trial court was entitled to and undoubtedly did conclude as having occurred.

■ There was no error in the trial court's action overruling the defendant's motion for new trial. The circumstances fall short of showing any misconduct on the part of the jury. The jury's verdict was a correct one which was properly agreed upon and returned.

It was obvious to the jury that if they should first arrive at the figure which the plaintiff had been paid (it being undisputed that defendant had paid him some amount), as it did do in answer to the second special issue, the actual question it was required to decide was the amount, if any, the plaintiff should receive in addition thereto. This question it did decide, after which, in order to make the answer to the first special issue conform to the question presented, it added the additional amount found to be owing to the amount found to have been paid with the sum of the two figures entered as the answer.

If the ultimate answer may be arrived at in terms of numbers there is no impropriety in a "piecemeal" calculation, where individual sums are determined as to parcels or the value thereof, with the individual sums added together to determine the whole sum the jury is required to return as its answer. There being no showing that the jury designedly attempted to frame its answer so as to accomplish any improper result there was no error. There is no requirement that the jury answer issues in numerical order.

■ As to the matter of the jury's having taken a "straw vote" to determine a "working basis" for discussion in the deliberations upon the question of the amount, if any, it desired to award plaintiff in addition to what he had already received, there was no

agreement to be bound beforehand by the result of such proceedings. That is the test to be applied in determining reversible error. Missouri K. & T. Ry. Co. of Texas v. Hawkins, 50 Tex.Civ.App. 128, 109 S.W. 221 (C.C.A., Texas, 1908, error refused). Where there is no such agreement there is no reversible error. Waggoman v. Fort Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005 (1934); Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (1932); Karotkin Furniture Co. v. Decker, 32 S.W.2d 703, 707 (San Antonio Civ.App., 1930), affirmed at 50 S.W.2d 795 (Tex.Com.App., 1932). There was no such agreement in this case.

Judgment is affirmed.